IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOHONIA MARTIN, | No. C 14-00206 YGR (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| vs. | |
| GREEN DOT CORPORATION, | |
| Defendant.                                    / | |

## INTRODUCTION

Plaintiff, a state prisoner, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He has also filed an application for *in forma pauperis* status.

For the reasons discussed below, the Court DISMISSES Plaintiff's claim as not cognizable under 42 U.S.C. § 1983.

## DISCUSSION

### I.   Legal Standard

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### II.   Legal Claim

Plaintiff names the following private Defendant, Green Dot Corporation, an issuer of prepaid MasterCard and Visa cards in the United States. Plaintiff claims he purchased prepaid cards from

Defendant, but he "noticed inconsistencies in refunds documented . . . ." (Compl. at 3.) Plaintiff further claims he is "due refunds to which [Defendant is] disallowing [him] back to 2004." (*Id.*) However, this Defendant cannot be sued under 42 U.S.C. § 1983.

Plaintiff does not allege that Defendant was acting under color of state law. Action taken by a private organization may be under color of state law "if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (internal quotations omitted). The Supreme Court has found state action when a challenged activity results from the State's exercise of coercive power, when the State provides significant encouragement for the activity, or when a private actor operates as a willful participant in joint activity with the State. *See id.* Here, the Court finds that Plaintiff alleges no facts suggesting the conduct of Defendant could fairly be treated as conduct of the State itself.

Because Plaintiff's allegations against Defendant involve purely private conduct, they do not meet the standards for cognizable claims under section 1983.[1] *See id.*

## CONCLUSION

For the foregoing reasons, Plaintiff's claim against Defendant is not cognizable and is DISMISSED with prejudice. The Clerk of the Court shall enter judgment in accordance with this Order, terminate all pending motions, and close the file.

IT IS SO ORDERED.

DATED: February 26, 2014

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

---

[1] Nor may Plaintiff establish subject matter jurisdiction on the basis of diversity of citizenship since he fails to allege that he meets the minimum amount in controversy requirement. *See* 28 U.S.C. § 1332.

P:\PRO-SE\YGR\CR.14\Martin0206.dismiss(private).wpd            2